COFFEY KAYE MYERS & OLLEY
BY:     MICHAEL J. OLLEY
IDENTIFICATION NO. 56118
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
(610) 668-9800                                    Attorneys For:  Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KILGORE | CIVIL ACTION |
| Plaintiff | |
| vs. | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | JURY TRIAL DEMANDED |
| Defendant | NO. |

## COMPLAINT

1.     The plaintiff herein is Brian Kilgore, a citizen and resident of the State of Pennsylvania, residing therein at 6 Heather Lane, Levittown, Pennsylvania.  19055

2.     This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3.     The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4.     At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and

1

domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation.

8. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about June 7, 2011, at or about 1:30 A.M. and for some time prior thereto, plaintiff was employed by defendant, AMTRAK. On that date, in the performance of his duties, plaintiff was located at the North Philadelphia Station at Broad and Glenwood Streets. As plaintiff was in the process of moving a light tower, plaintiff was electrocuted as a result of defendant's failure to de-energize catenary wires and defendant's negligence in providing plaintiff with defective equipment that was not properly equipped with bonding wire, grounding straps and proper controls.

12. At all times material hereto as a result of the negligence of the defendant, its agents, servants,

workmen and/or employees, the catenary wires at plaintiff's workplace were not de-energized at the area where he was required to work.

13. As a result of the negligence of the defendant, its agents, servants, workmen and/or employees, including providing the plaintiff with defective, unsafe, and inadequate equipment, in addition to the previously referenced failure to de-energize catenary wires, plaintiff was caused to sustain the serious, painful and permanent electrocution injuries more particularly hereinafter set forth.

14. The aforementioned accident was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees and was not due to any conduct on the part of the plaintiff.

15. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

16. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained electrocution injuries to his feet, head and arms. Plaintiff also sustained cardiac and neurological electrocution injuries which required prolonged hospitalizations and rehabilitation. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

COFFEY KAYE MYERS & OLLEY

BY: _____
MICHAEL J. OLLEY
Counsel for Plaintiff